UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DWAYNE G. ALEXANDER | CIVIL ACTION |
| VERSUS | NO. 13-6195 |
| CARL AYESTAS | SECTION "N" (1) |

**ORDER AND REASONS**

Presently before the Court are two motions for recusal filed by Plaintiff, Dwayne Alexander (Rec. Docs. 9 and 12). For essentially the reasons stated by Defendant in his opposition memorandum (Rec. Doc. 13), **IT IS ORDERED** that the motions are **DENIED**.

Also before the Court is a motion for leave to file an amended notice of removal (Rec. Doc. 16) filed by Defendant Carl Ayestas. For essentially the reasons stated by Defendant in support of its motion, **IT IS ORDERED** that the motion is **GRANTED**.

Additionally before the Court is a motion to remand filed by Plaintiff, Dwayne Alexander (Rec. Doc. 15). For the reasons stated herein, **IT IS ORDERED** that the motion is **GRANTED**. Accordingly, **IT IS FURTHER ORDERED** that this action be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**Law and Analysis**

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 122 S. Ct. 459 (2001). Furthermore, federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal

jurisdiction rests on the party seeking the federal forum." *Id.* Thus, in the context of actions removed from state court, the removing party bears the burden of demonstrating the federal court's jurisdiction and that removal was proper. *See Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Because the federal removal statute should be strictly construed in favor of remand, any ambiguities in the state court petition are construed against removal. *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Here, Defendant relied on 28 U.S.C. § 1441 and §1331 in removing this action from Louisiana state court to federal court. Congress allows for such removal when a plaintiff's complaint alleges a claim "arising under" the Constitution or laws of the United States. 28 U.S.C. § 1441; *Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 6 (2003). A case "aris(es) under" federal law within the meaning of 28 U.S.C. § 1331 if a well-pleaded complaint establishes either (1) that federal law creates the cause of action or (2) that the plaintiff's right to relief necessarily implicates significant federal issues. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g. Manu.*, 545 U.S. 308, 312 (2005)(citations omitted); *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

For the first category of cases, the artful pleading doctrine, an independent corollary to the well-pleaded complaint rule, prevents a plaintiff from defeating removal by "artfully avoiding any suggestion of a federal issue." *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008). The artful pleading doctrine applies: (1) "where state law is subject to complete preemption" or (2) "when Congress has . . . expressly provided for the removal of particular actions asserting state law claims in state court." *Roland v. Green*, 675 F.3d 503, 520 (5th Cir. 2012)(internal citations omitted), *aff'd*, 134 S.Ct. 1058 (2014); see also *Bernhard*, 523 F.3d at 551(quoting

2

*Beneficial Nat. Bank*, 539 U.S. at 11)("Federal question jurisdiction therefore exists where, because state law is completely preempted, 'there is, in short, no such thing as a state-law claim.'").

For the second category of federal question cases referenced by *Grable*, a federal court may assert jurisdiction where the state-law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing the approved balance of federal and state judicial responsibilities." 545 U.S. at 314. This test is satisfied if: "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP,* 538 F. 3d 334, 338 (5th Cir. 2008).

In support of his motion to remand, Plaintiff contends that he has asserted only a state-law claim; therefore, the Court lacks federal question subject matter and removal jurisdiction. Defendant disagrees, arguing that the Court has removal jurisdiction because Plaintiff's state law claim "seeks to attack or undermine" this Court's order of dismissal in a related matter,[1] rather than properly seeing relief, in federal court, pursuant Rule 60(b)(3) of the Federal Rules of Civil Procedure.

Applying the foregoing legal principles, the Court finds that Defendant has failed to satisfy its burden of establishing federal question jurisdiction over Plaintiff's claim. In asserting a claim for defamation, Plaintiff seeks recovery under state tort law; federal law does not create the alleged cause of action. Nor, unlike in cases cited by Defendant, does Plaintiff seek, in state court,

---

[1] Defendant references the Court's March 30, 2012 Order and Reasons (Rec. Doc. 79) in *Worldwide Detective Agency v. Cannon Cochran Management Services, Inc., and Jerry Armatis,* No. 10-1563 (E.D. La.), *aff'd,* 502 Fed. Appx. 408, 2012 WL 6605768 (5th Cir. 2012)(unpub).

3

to re-open a prior federal action, to set aside a settlement of a federal court lawsuit, or to recover additional sums for a previously settled federal claim. *See, e.g, Villareal v. Brown Express, Inc.*, 529 F.2d 1219, 1220-21 (5th Cir. 1976), and *Deauville Associates v. Lovejoy Corp.*, 181 F.2d 5 (5th Cir.), *cert. denied*, 340 U.S. 905 (1950). In any event, the Fifth Circuit has concluded that the rationale of *Villareal*, as followed and applied in *Baccus v. Parrish*, 45 F.3d 958, 960-61 (5th Cir. 1995), "retains little precedential value" after the Supreme Court's decision in *Rivet v Regions Bank of Louisiana*, 522 U.S. 470 (1998).[2] See *Texas v. Real Parties in Interest*, 259 F.3d 387, 393-94, n. 10 (5th Cir. 2001), *cert. denied*, 534 U.S. 1115 (2002); see also *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 391-92 (5th Cir. 2009)(same); *Palkow v. CSX Transportation, Inc.*, 431 F. 3d 543, 548, 551-55 (6th Cir. 2005) (concluding *Villarreal* is no longer good law). Finally, Defendant has failed to demonstrate that Plaintiff's claim is subject to complete federal preemption, that Congress, by statute, has expressly provided for the removal, or that Plaintiff's claim necessarily raises a stated federal issue, actually disputed and substantial, that a federal forum may entertain without disturbing the approved balance of federal and state judicial responsibilities.

---

[2] In *Rivet*, the Supreme Court, emphasizing that the existence of federal question jurisdiction is governed by the well-pleaded complaint rule, rejected the contention that a defense of claim preclusion, based on a prior federal judgment, permitted removal of an otherwise nonremovable claim. 522 U.S. at 475-76. In *Syngenta v. Crop Protection, Inc.*, 537 U.S. 28, 33-34 (2002), the Supreme Court similarly rebuffed an assertion that the All Writs Act, 28 U.S.C. § 1651(a), provides federal question removal jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1331. It likewise spurned the notion that a prior federal action provides "ancillary" jurisdiction relative to an action over which the original jurisdiction required by § 1441 was absent. *Id.*

**Conclusion**

For the reasons stated herein, the Court, on the showing made, does not find federal question jurisdiction to exist relative to the Louisiana state law claim urged in this matter. Thus, as stated above, this action is remanded to Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 29th day of August 2014.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

**Clerk to Copy:**

Clerk of Court, United States Fifth Circuit of Appeals (Action No. 14-30951)